# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHERROD BURNETT SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-00986 |
| ) | |
| CHERYL BLACKBURN *et al.*, ) | Chief Judge Haynes |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Sherrod Burnett Sr., a detainee at the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Davidson County Criminal Court Judge Cheryl Blackburn; Davidson County District Attorney General Victor Johnson, III; Assistant District Attorney General Bret Gunn; Lisa Cooper-Betts, a Davidson County Criminal Court docket clerk; and Elaine Heard, a Nashville lawyer. Plaintiff characterizes his claim as a "Petition for Writ of Habeas Corpus for Malicious Abuse of Legal Process, Collusion, Legal and Judicial Estoppel ('Fraud and Perjury'), Revolt, Statutory Violation, Breach of Oath and Duty, False Arrest, Unlawful Detainee, False Imprisonment, Negative Misprision and Misprision, Clerical Misprision, Misfeasance in Public Office, Fraudulent Misrepresentation and Misrepresentation, Misrecital (Injury)." (Docket Entry No. 1, at 1.) Plaintiff seeks monetary, exemplary, and punitive damages in the amount of $3,000,000, as well as immediate release from custody.

### A. Review of the Complaint

A review of his twenty-page complaint, reveals that gist of Plaintiff's claims to be a

challenge to the Davidson County Criminal Court's exercise jurisdiction in a criminal action against Plaintiff. Plaintiff's objections to this jurisdiction are as follows:

I am <u>Sherrod Murray Burnett Bey Sr.</u>

(Political Correct)

The MOORISH NATIONAL REPUBLIC GOVERNMENT NORTHWEST AFRICA, THE MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD, Northwest Amexem / Northwest Africa / North America
"The North Gate"

Societas Republicae Ea Al Maurikanos
Aboriginal and Indigenous Natural Peoples of the Land.
The true and de jure Al Moroccans / Americans

Abermento of Juri[s]diction - Quo Marranto
For the Record, To Be Read Into The Record
Notice to Agent is Notice to Principle – Notice to Principle is Notice to Agent.

. . . .

I am, Sherrod Murray Burnett Bey Sr., the natural person, in Propria persona, to clear up the matter dealing with SHERROD BURNETT SR the person. I would like to inform that my nationality is a direct descendant of, THE ANCIENT MOABITES, and by birth right I am indigenous to this land which have been under the occupation of Europeans. I also would like to clarify my status as an, Moor and not Negro, Black, Colored, Ethiopian nor African American bur rather an "MOORISH AMERICAN" who honors my mothers and fathers. . . .

(Docket Entry No. 1, at 4, 6.) Plaintiff seeks only damages.

### B. Conclusions of Law

Under the PLRA, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must conduct an initial review of any prisoner complaint filed *in forma pauperis* that "seeks redress from a governmental entity or officer or employee of a governmental entity." *Id.* The Court must dismiss any complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, or asserts claims as frivolous, or seeks monetary relief from a defendant who is immune

from such relief.

The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted).

Yet, a *pro se* complaint is held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

For a Section 1983 claim, Plaintiff must allege facts that a person acting under color of state law, deprived Plaintiff of a right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted).

Here, Plaintiff does not allege any facts to suggest that he has suffered a legal injury

-3-

beyond his conclusory allegations about the state court's alleged lack of jurisdiction. The Court cannot discern plausible facts that suggest a violation of a federal right by a person acting under color of state law. Moreover, all Defendants except Heard are immune from damages under 42 U.S.C. § 1983. Heard, a private lawyer, does not act under color of state law for the purposes of a Section 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981).

Defendants Cheryl Blackburn, Howard Gentry, and Lisa Cooper-Betts are, respectively, a criminal court judge, the criminal court clerk, and a docket clerk in the criminal court for Davidson County. The judge is clearly entitled to absolute judicial immunity on claims for damages for "their judicial acts."*Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). As to Defendants Gentry and Cooper-Betts, the Sixth Circuit has extended judicial immunity to non-judicial officers who perform "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Quasi-judicial immunity extends to "those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* As the court clerk and docket clerk, Defendants Gentry and Cooper-Betts act under the direction of Judge Blackburn in their docketing functions and thus, Defendants Gentry and Cooper-Betts are absolutely immune from Plaintiff's claims.

Defendants Victor Johnson and Bret Gunn, state prosecutors similarly, are "absolutely immune from liability under § 1983 for their conduct . . . insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citation and internal quotation marks omitted). Plaintiff's allegations are based on these State prosecutor's exercise of their duties and these Defendants are also entitled to absolute immunity from this damages action.

In sum, the Court concludes that Plaintiff's complaint fails to state a claim for which relief may be granted, and this action must be dismissed. 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).

An appropriate Order is filed herewith.

**ENTERED** this the ____ day of May, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court