IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERROD BURNETT SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:14-cv-00986 |
| CHERYL BLACKBURN et al., | ) ) | Chief Judge Haynes |
| Defendants. | ) ) | |

## O R D E R

Plaintiff, Sherrod Burnett Sr., filed this *pro se* action against the Defendants, Davidson County Criminal Court Judge Cheryl Blackburn; Davidson County District Attorney General Victor Johnson, III and Assistant District Attorney General Bret Gunn; Lisa Cooper-Betts, a Davidson County Criminal Court docket clerk; and Elaine Heard, a Nashville lawyer. Plaintiff also filed an application to proceed *in forma pauperis*.

From a review of Plaintiff's submission, Plaintiff lacks the funds to pay the entire filing fee in advance, Plaintiff's application to proceed as a pauper (Docket Entry No. 2) is **GRANTED**. Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The Administrator of the Davidson County Sheriff's Office, as custodian of Plaintiff's jail trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28

U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3). All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Davidson County Sheriff's Office to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the Sheriff's Office must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith.

In accordance with the Memorandum filed herewith, this action is **DISMISSED with prejudice** for failure to state a claim for relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 15th day of May, 2014

WILLIAM J. HAYNES, JR.
Chief United States District Judge